```
IN THE UNITED STATES DISTRICT COURT
  FOR THE WESTERN DISTRICT OF TENNESSEE
             WESTERN DIVISION
```

_____

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | No. 23-2810-MSN-tmp |
| ) | |
| SHELBY COUNTY BOARD OF ) | |
| EDUCATION, ) | |
| ) | |
|     Defendant. ) | |

_____

**ORDER DIRECTING PLAINTIFF TO AMEND COMPLAINT AND TO FILE A PROPERLY COMPLETED *IN FORMA PAUPERIS* AFFIDAVIT OR PAY THE CIVIL FILING FEE**

_____

On December 28, 2023, Plaintiff Jane Doe, a resident of Memphis, Tennessee, filed a sealed *pro se* complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.)

**A.  Sealed Complaint**

The plaintiff has failed to demonstrate that a compelling reason justifies sealing this complaint. "It is a long-established legal principle that the public has the 'presumptive right . . . to inspect and copy judicial documents and files.'" Gomez v. City of Memphis, Tenn., No. 2:19-cv-02412-JPM-tmp, 2020 WL 1918243, at *1 (W.D. Tenn. Apr. 20, 2020) (quoting In re Knoxville News-Sentinel Co., Inc., 723 F.2d 470, 474 (6th Cir. 1983)). "The party seeking to seal the records has the heavy burden of overcoming the 'strong presumption in favor of

openness.'" Kondash v. Kia Motors Am., Inc., 767 F. App'x 635, 637 (6th Cir. 2019) (quoting Shane Grp., Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016)). "The party seeking to seal the records must demonstrate three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." Gomez, 2020 WL 1918243, at *2 (quoting Kondash, 767 F. App'x at 637) (internal quotation marks omitted).

Here, the plaintiff has provided no basis for sealing the complaint. Therefore, the plaintiff has until Wednesday, January 31, 2024, to either re-file an amended, unsealed complaint that identifies the plaintiff or submit a statement in support of sealing the complaint that satisfies the demanding standard detailed above. If the plaintiff provides no such statement but intends to proceed anonymously, then the court may dismiss the case without prejudice.

**B.   File *In Forma Pauperis* Affidavit or Pay Filing Fee**

Federal law provides that the clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $405.[1] 28 U.S.C. § 1914(a).

---

[1] 28 U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he clerk shall collect from

To ensure access to the courts, however, 28 U.S.C. § 1915(a) permits in indigent plaintiff to avoid payment of filing fees by filing an *in forma pauperis* affidavit. Under that section, the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking *in forma pauperis* status must respond fully to all the questions on the Court's *in forma pauperis* form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746. See, e.g., Reynolds v. Fed. Bur. of Prisons, 30 F. App'x 574 (6th Cir. 2002); Broque v. Fort Knox Fed. Credit Union, No. 96-1896, 1997 WL 242032 (6th Cir. May 8, 1997).

In this case, the plaintiff's motion to proceed *in forma pauperis* does not provide the Court with sufficient financial information to determine if Plaintiff is unable to pay the civil filing fee. In section 1, income amount expected next month, the plaintiff needs to clarify if she will be receiving disability next month and what her total monthly income will be. The plaintiff is ORDERED to either submit a properly completed and executed *in forma pauperis* application or pay the $405.00 civil

---

the parties such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed, effective May 1, 2013, an additional administrative fee of $52, which was increased to $55 on December 1, 2023, for filing any civil case, except for cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.

filing fee within thirty (30) days after the date of this order. The Clerk is directed to send Plaintiff a copy of the non-prisoner *in forma pauperis* affidavit along with this order.

Failure to comply in a timely manner with this order will result in a recommendation to the presiding district judge that this action be dismissed pursuant to Federal Rules of Civil Procedure 41(b).

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

January 10, 2024
Date
