```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```
_____

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    No. 23-cv-02810-MSN-tmp |
| | ) |
| SHELBY COUNTY BOARD OF | ) |
| EDUCATION, | ) |
| | ) |
|     Defendant. | ) |

_____

### ORDER GRANTING MOTION TO UNSEAL
_____

On December 28, 2023, plaintiff Jane Doe, a resident of Memphis, Tennessee, filed a sealed *pro se* complaint against defendant Shelby County Board of Education ("Board of Education"). (ECF No. 1.) On April 17, 2024, the Board of Education filed a motion to unseal the case, arguing that there are no allegations in the complaint to explain why this case differs from a typical ADA discrimination case. (ECF No. 16 at PageID 60.) In her response, Doe argues that this lawsuit could be damaging for her career and that "she did not want to [be] subjected to possible harassment from individual/s who is collecting information about particular Judges of this Honorable Court." (ECF No. 19 at PageID 67.)

"It is a long-established legal principle that the public has the 'presumptive right . . . to inspect and copy judicial documents

and files.'" Gomez v. City of Memphis, Tenn., No. 2:19-cv-02412-JPM-tmp, 2020 WL 1918243, at *1 (W.D. Tenn. Apr. 20, 2020) (quoting In re Knoxville News-Sentinel Co., Inc., 723 F.2d 470, 474 (6th Cir. 1983)). "The party seeking to seal the records has the heavy burden of overcoming the 'strong presumption in favor of openness.'" Kondash v. Kia Motors Am., Inc., 767 F. App'x 635, 637 (6th Cir. 2019) (quoting Shane Grp., Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016)). "The party seeking to seal the records must demonstrate three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." Gomez, 2020 WL 1918243, at *2 (quoting Kondash, 767 F. App'x at 637) (internal quotation marks omitted).

Plaintiff has failed to demonstrate that a compelling reason justifies sealing this complaint. Her generalized concerns about how her lawsuit could be damaging to her career and the risk of being subjected to harassment do not overcome the "strong presumption in favor of openness." Kondash, 767 F. App'x at 637. Further, to the extent there is any arguable interest in sealing records, those interests are outweighed by the public's interest in accessing the records. Finally, the blanket sealing of the entire case is clearly overbroad and not narrowly tailored.

Therefore, the motion to unseal is GRANTED. The clerk of court is hereby directed to remove the sealed classification of this case.

IT IS SO ORDERED.

                                          s/Tu M. Pham
                                          TU M. PHAM
                                          Chief United States Magistrate Judge

                                          May 2, 2024
                                          Date