```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

| | |
|---|---|
| **THELMA GRAY,**         ) | |
| )  | |
| Plaintiff,          ) | |
| )  | |
| vs.                      )  | No. 23-cv-02810-MSN-tmp |
| )  | |
| **SHELBY COUNTY BOARD OF** ) | |
| **EDUCATION,**             ) | |
| )  | |
| Defendant.          ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR LIMITED DEPOSITION BE HELD AT COURT**
**AND**
**ORDER *SUA SPONTE* EXTENDING DISCOVERY DEADLINES**

Before the court is *pro se* plaintiff Thelma Gray's motion styled as "Motion for Limited Deposition Be Held at the Court."[1] (ECF No. 29.) On June 6, 2024, the undersigned entered an order allowing limited discovery on Shelby County Board of Education's ("the Board") Motion to Dismiss. (ECF No. 24.) During the hearing, Gray expressed concern about being deposed at the Board's place of business, and the parties were encouraged to find an acceptable alternative location for an in-person deposition to take place. In that order, the court ordered that the parties would have thirty

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

days from June 6, 2024, to conduct limited discovery regarding whether Gray's complaint was timely filed within the ninety-day limitations period. (Id., pp. 1-2.)

In the present motion, Gray requests that her deposition take place at the federal courthouse and be supervised either by the undersigned magistrate judge or the presiding district judge. Gray explains that she has experienced transportation issues and the loss of an immediate family member, and she claims that she does not feel safe meeting with counsel for the Board. In its response, the Board states that Gray did not consult with it as required under Local Rule 7.2. (ECF No. 31 at PageID 101.) Substantively, the Board argues that, although it would agree to a deposition taking place at the courthouse, it opposes a supervised deposition by a judge because Gray has not stated a credible reason for a judge-supervised deposition. Gray's deposition was previously noticed for June 26, 2024, but was continued because of Gray's transportation issues and a death in her family. Therefore, to comply with the court's deadlines, the Board issued a second notice of deposition to take place on July 3, 2024. (ECF No. 30.) Gray filed a reply on June 27, 2024. (ECF No. 32.)

Gray has not produced any evidence to suggest that counsel for the Board has engaged in any conduct that would justify a judge-supervised deposition or for the deposition to take place at the courthouse. Moreover, both Gray and counsel for the Board are

located in the Memphis area, and given the Board's intention of questioning Gray with documents, the court finds no basis to prohibit the Board from taking an in-person deposition. Therefore, the motion is DENIED, and Gray's in-person deposition shall take place at a location to be determined by the Board. The Board has already designated the Raleigh Branch Library as a neutral, agreed-upon location for her deposition, and given that the library is closer to Gray's home than the Board's office or the courthouse (See ECF No. 31 at PageID 102), this appears to be a suitable location for her deposition.

However, Gray explained that she has experienced transportation issues and that an immediate family member has passed away. Based on these circumstances, there is good cause to extend all of the deadlines by an additional thirty days. Therefore, the parties will have until August 6, 2024, to conduct limited discovery regarding whether Gray's complaint was timely filed. The Board will have thirty days after the completion of limited discovery to supplement its motion with additional briefing and the submission of evidence. Gray will then have fourteen days after the Board's supplemental briefing and submission of evidence to file a response with her own supporting evidence.

The undersigned recognizes that the Board submitted a Second Notice to Take the Deposition of Plaintiff to take place on July

3, 2024, to comply with the deadlines set out in the court's previous order. (ECF Nos. 24 & 30.)  However, considering Gray's circumstances and the extension of the deadlines, the Board is directed to re-notice the deposition for a later date.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

June 27, 2024
Date