IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | | |
|---|---|---|
| THELMA GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 23-cv-02810-MSN-tmp |
| | ) | |
| SHELBY COUNTY BOARD OF EDUCATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

---

ORDER DENYING MOTION TO RECUSE

---

Before the court is plaintiff Thelma Gray's "Motion for a New Judge to Be Assigned to Case," which the court construes as a motion to recuse.[1] (ECF No. 36.) For the reasons below, the motion is DENIED.

I.    BACKGROUND

On December 28, 2023, Gray filed a *pro se* complaint against the Shelby County Board of Education ("Board") alleging disability discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112, *et seq.* ("ADA"), and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) Because Gray was

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management of all pretrial matters for determination or report and recommendation, as appropriate.

requesting to proceed IFP, the court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether the U.S. Marshals Service would serve the Board on Gray's behalf. On January 31, 2024, prior to the court's ruling on Gray's motion to proceed IFP and screening of the complaint, Gray filed a motion to request a hearing. (ECF No. 6.) Gray stated that she "would like to briefly explain some things concerning the filing. Also, Plaintiff would like to ask the Honorable Court questions concerning this case." (Id. at PageID 26.) No further explanation was provided by Gray regarding her request for a hearing.

After the court granted IFP and the Board was served, the court set the matter for a scheduling conference to be held on June 6, 2024. (ECF No. 22.) During the scheduling conference, the parties presented argument on the Board's pending motion to dismiss, and the undersigned concluded that limited discovery regarding whether Gray's complaint was timely filed was necessary. (ECF No. 25.) On June 6, 2024, the undersigned entered an order allowing limited discovery on that issue with a set of deadlines to conduct discovery and for the parties to supplement their briefing and introduce evidence. (ECF No. 24.) On June 12, 2024, the Board submitted a notice to take Gray's deposition. (ECF No. 26.) On that same day, Gray filed a sworn affidavit detailing when she accessed the EEOC online portal and first downloaded her right to sue letter. (ECF No. 27.)

On June 27, 2024, Gray filed a motion that was styled as a "Motion for Limited Deposition Be Held at the Court." (ECF No. 29.) In that motion, Gray requested that her deposition take place at the federal courthouse and be supervised either by the undersigned magistrate judge or the presiding district judge. (Id. at PageID 95.) Gray also argued that, because she submitted a sworn affidavit to support the timely filing of her ADA complaint, a limited deposition was not warranted. (Id. at PageID 96.) The undersigned considered the motion and determined that there was no basis for a judge-supervised deposition or to prohibit the Board from taking an in-person deposition. (ECF No. 33 at PageID 109-10.) However, the undersigned found that there was good cause to extend all of the deadlines. (Id. at PageID 110.)

In the present motion, Gray is requesting that the undersigned be removed from this case, claiming that the undersigned has shown bias.[2] (ECF No. 36 at PageID 118.) She claims that the reason she requested a hearing shortly after filing her case was to request another judge because the undersigned had been assigned to a previous case that Gray had filed with the court last year.[3] (Id.)

---

[2] Gray originally filed the motion under seal on July 9, 2024. (ECF No. 34.) She then filed an identical unsealed version the next day on July 10. (ECF No. 36.)

[3] In that case, the parties consented to the magistrate judge's jurisdiction, and the undersigned dismissed Gray's complaint for failure to state a claim under Federal Rule of Civil Procedure

Gray makes vague, unsubstantiated references to "concerns" about the undersigned as well as the presiding district court judge based on phone calls from unmamed individuals. (Id. at PageID 118.) Gray also argues that the undersigned "did not respond to Plaintiff's concerns" regarding her feeling unsafe around counsel for the Board. (Id. at PageID 119.) Ultimately, Gray argues that the undersigned is biased "because the Judge did not respond to Plaintiff's initial request for a Hearing . . . did not respond to Plaintiff's Sworn Affidavit and documented evidence . . . [and] only responded when Defendant's Counsel responded to Plaintiff's Motion to Hold Limited Deposition at Court." (Id.)

## II.  ANALYSIS

Judges are presumed impartial, and the moving party carries the burden of demonstrating that recusal or disqualification is warranted. Burley v. Gagacki, 834 F.3d 606, 616 (6th Cir. 2016) (citing Consol. Rail Corp. v. Yashinsky, 170 F.3d 591, 597 (6th Cir. 1999)). "Under 28 U.S.C. § 455(a), a judge 'shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.'" Melchor v. United States, No. 16-1160, 2016 WL 9447162, at *2 (6th Cir. Sept. 23, 2016) (quoting 28 U.S.C. § 455(a)). "[R]ecusal is required if a reasonable, objective person, knowing all of the circumstances, would have questioned

---

12(b)(6). Gray v. Memphis Shelby Cnty. Educ. Ass'n, No. 23-cv-02100-TMP, 2023 WL 8654396 (W.D. Tenn. Dec. 14, 2023).

the judge's impartiality." Id. (internal quotations and citations omitted). "The judge need not recuse himself based on the subjective view of a party, no matter how strongly that view is held." Id. (internal quotations, citations, and alterations omitted). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). "[O]nly in the rarest circumstances" can rulings "evidence the degree of favoritism or antagonism required" to justify recusal. Id. Similarly, "[j]udicial remarks" accompanying a ruling "ordinarily do not support a bias or partiality challenge." Id.

A judge must also recuse "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). 28 U.S.C. § 144 states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . .

28 U.S.C. § 144. "It is well settled that sections 144 and 455 must be construed in pari materia." United States v. Owens, No. 2:17-cv-2788-JPM-cgc, 2018 WL 7075600, at *1 (W.D. Tenn. Nov. 30, 2018)

(citing <u>United States v. Story</u>, 716 F.2d 1088, 1091 (6th Cir. 1983) (internal quotations omitted)). "[D]isqualification under section 455(a) must be predicated as previously under section 144, upon extrajudicial conduct rather than on judicial conduct." <u>Id.</u> (quoting <u>City of Cleveland v. Krupansky</u>, 619 F.2d 576, 578 (6th Cir. 1983)).

Even if there is no statutory basis for recusal, to ensure public confidence in the judicial process, the court must avoid even an appearance of impropriety. <u>Huth v. Hubble</u>, No. 5:14-cv-1215, 2016 WL 6610808, at *5 (N.D. Ohio Feb. 23, 2016) (citing <u>Union Planters Bank v. L & J Dev. Co.</u>, 115 F.3d 378, 383 (6th Cir. 1997)). The Code of Judicial Conduct requires that a judge disqualify himself or herself where a judge's impartiality might reasonably be questioned. <u>Id.</u> (citing Canon 2(A) and 3(C)(1) of the Code of Judicial Conduct for United States Judges). "Although mindful of its duty to sit where disqualification is not required, there are circumstances where it may be appropriate for a judge to disqualify [himself or herself], even when no actual partiality, bias, or prejudice exists." <u>Id.</u>; <u>see also</u> Code of Conduct for United States Judges, Canon 3(C)(1)(a) ("A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instance in which . . . the judge has a personal bias

- 6 -

or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]").

A reasonable, objective person with knowledge of all the circumstances would not question the undersigned's impartiality. Gray's allegations exclusively relate to the undersigned's judicial decisions rather than any evidence of bias or extra-judicial conduct that would demonstrate personal bias. Her request for a hearing in January 2024 was filed before the undersigned granted her IFP motion and authorized service of the complaint, and Gray offered no basis for the court to conduct an *ex parte* hearing with her. Even if the court had held a hearing, her request for recusal of the undersigned based on a prior adverse ruling in Gray v. Memphis Shelby County Education Association, 2023 WL 8654396, would have been denied because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky, 510 U.S. at 555. Moreover, once the Board was served with the complaint, Gray had the opportunity to address the court about her concerns at the scheduling conference.

Gray's bare, vague references to "concerns" about the presiding district court judge and the undersigned based on phone calls from unnamed individuals are also not a basis for recusal. See United States v. Cook, No. 3:18-CR-19-PLP-DCP, 2019 WL 2932660, at *4 (E.D. Tenn. July 8, 2019) (finding that unsubstantiated assertions of "an unnamed former federal employee

previously t[elling] the Defendant, in an email, that the 'Judges in East Tennessee do not like you'" did not provide basis for recusal).

For the reasons stated above, Gray's motion for recusal is DENIED.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

October 29, 2024
Date