# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

THELMA GRAY,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　Case No. 2:23-cv-2810-MSN-tmp
　　　　　　　　　　　　　　　　　　　　　　　　　JURY DEMAND

SHELBY COUNTY BOARD OF EDUCATION,

    Defendant.

## ORDER ADOPTING MOST OF THE REPORT AND RECOMMENDATION AND GRANTING MOTION TO DISMISS SUBMITTED BY SHELBY COUNTY BOARD OF EDUCATION

Before the Court is the Chief Magistrate's Judge's Report and Recommendation ("Report") on the Motion to Dismiss Submitted by Shelby County Board of Education (ECF No. 15, "Motion"). The Report recommends granting the Motion. Plaintiff timely filed objections to the Report on December 23, 2024. (ECF No. 44.) Defendant timely responded to Plaintiff's objections on January 3, 2025. (ECF No. 45.) Plaintiff has also filed a letter addressed to the undersigned requesting a hearing (ECF No. 49), which this Court will construe as a renewed motion for a hearing.

### STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he

district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

**DISCUSSION**

A.  **Proposed Findings of Fact**

The Report sets forth extensive and detailed proposed findings of fact. (ECF No. 43 at PageID 204–19.) Neither party made specific objections to the proposed findings of fact, and the Court **ADOPTS** the proposed findings of fact in their entirety. A short summary of those findings of fact is provided as background below.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and on July 12, 2023, the EEOC issued a letter informing Plaintiff that her charge was being dismissed and of her right to sue ("RTS Letter").[1] Plaintiff filed her Complaint in this matter on December 28, 2023. In her Complaint, Plaintiff alleges that she received the RTS Letter on October 2, 2023.[2]

Defendant's Motion asserts four grounds for dismissal, including that Plaintiff didn't file her Complaint within 90 days of receiving the RTS Letter as required in 42 U.S.C. § 2000e-5(f)(1). At a scheduling conference on June 6, 2023, the Chief Magistrate Judge addressed the pending Motion and ordered limited discovery about whether the Complaint was timely filed. The Chief Magistrate Judge set deadlines for conducting discovery and depositions, for Defendant to file a supplemental motion to dismiss, and for Plaintiff to respond to Defendant's supplemental motion.

---

[1] It is unclear when Plaintiff filed her charge of discrimination with the EEOC. The charge number in the RTS Letter is 490-2022-01271. (ECF No. 41-2 at PageID 194.) A previous EEOC charge was the basis for Plaintiff's Complaint in a previous matter in this district; that EEOC charge number was 490-2022-02191. (*See* Case No. 2:23-cv-2100-tmp, ECF No. 1-1 at PageID 7.)

[2] Plaintiff later asserted that she received the RTS Letter on October 3, 2023. (*See* ECF No. 27 at PageID 87; ECF No. 43 at PageID 206 n.5.) As the Report notes, the difference between the two dates is not material to the issues in Defendant's Motion, as supplemented. (ECF No. 43 at PageID 206 n.5.)

(*See* ECF No. 24; Minutes at ECF No. 25.)  These deadlines were later extended, ultimately giving the parties until August 6, 2024, to complete limited discovery, with Defendant having 30 days after that to file its supplemental motion or brief.  (ECF No. 33 at PageID 110.)

Defendant took Plaintiff's deposition on July 31, 2024, pursuant to Defendant's Third Notice to Take the Deposition of Plaintiff (ECF No. 38, "Third Notice").  The Third Notice (and previous two notices) directed Plaintiff to send to Defendant's counsel any documentation from July 12, 2023, through October 2, 2023, that Plaintiff had or obtained about the following:

(1) notices that came to Plaintiff's P.O. Box from the EEOC;

(2) notices that came to Plaintiff's P.O. Box from the U.S. Postal Service regarding certified mail delivery;

(3) notices that came to Plaintiff's email address from the EEOC;

(4) phone communications between Plaintiff and the EEOC; and

(5) documentation from a medical provider regarding any health issues that Plaintiff believes affected her actions during July 12-October 2, 2023.

Plaintiff told Defendant's counsel via email that there were no responsive documents for the above requests, other than what Plaintiff had already filed with the Court.

During Plaintiff's deposition, Plaintiff acknowledged that the EEOC investigator called her sometime prior to July 12, 2023, and told her that the EEOC "wouldn't be moving further" with her charge and the investigator would be uploading Plaintiff's RTS Letter to the portal.  (ECF No. 43 at PageID 209.)  She also admitted that she "probably got an e-mail" when the RTS Letter was uploaded to the portal, but that she was not regularly checking her emails during that time. (*Id.* at PageID 209–10.)  Plaintiff, however, could not recall exactly how long she went without checking her email.  (*Id.*)  When asked during the deposition to check her email on her phone to see if she had received any emails from the EEOC, Plaintiff refused to do so.  (*Id.*)

4

Plaintiff also testified that she wasn't sure whether the RTS Letter was mailed to her, but that she didn't get it. (*Id.* at PageID 211.) However, she acknowledged that she wasn't checking her post office box for mail "that often at that time either." (*Id.*) Plaintiff didn't know how long she went without checking her post office box for mail, but when she "finally went to check [her] mail they had this big cart with a lot of mail it. It was just a lot of, an overflow of mail . . ." (*Id.* at PageID 212.)

The parties also discussed Plaintiff's "REDACTED SUPPORTING DOCUMENT" that was filed with her affidavit on June 12, 2024. Plaintiff said she got the document online but denied that she got it from her EEOC portal. (*Id.* at PageID 214.) When questioned further, Plaintiff refused to answer questions about where online she got the document. (*Id.*) When asked about who redacted the document, Plaintiff acknowledged she had done the redactions. Defendant's counsel then noted that "you can read the text." (*Id.* at PageID 215.) To which Plaintiff responded, "Okay, well, read it. I mean I don't have anything to hide . . ." (*Id.*) But as Defendant's counsel began reading the document into the record, Plaintiff objected to it being part of the official record, although Plaintiff did not object to Defendant's counsel reading it to herself. (*Id.*) The portion of the document at issue is shown below.

> The Charging Party has Downloaded Document. Type: Correspondence To/From Charging Party, FileName:2023-08-08 Re. T. Gray Mailed NRTS Not Downloaded 490-2022-01271.docx
>
> PortalPortalUser
>
> 8/8/2023 06:50:16 CST
>
> Contact with Charging Party record added
>
> MICHAEL SINNOCK
>
> 8/8/2023 06:47:58 CST
>
> E-mailed Mrs. Thelma A. Gray at dancethelma@yahoo.com that a new document is available to download.
>
> Arcapp User
>
> 8/8/2023 06:47:58 CST
>
> Correspondence To/From Charging Party (2023-08-08 Re. T. Gray Mailed NRTS Not Downloaded 490-2022-01271.docx) released
>
> MICHAEL SINNOCK

(*See* ECF No. 27-1 at PageID 88.[3])

  Defendant's counsel read the following lines, "August 8th, 2023 6:47:58 CST Correspondence To From Charging Party, parens, 2023-08-08 Re . . . T Gray Mailed NRTS Not Downloaded 490 222 01271," and then asked Plaintiff if that helped jog her memory about whether she received an email from the EEOC on August 8, 2023. (*Id.* at PageID 216.) Plaintiff refused to answer and stated she would not answer anymore questions about that subject. Defendant's counsel then noted that Plaintiff had redacted a line from "August 8th, 2023 at 6:47:58 CST" that said "E-mailed Mrs. Thelma A Gray at dancethelma@yahoo.com that a new document is available to download," and asked Plaintiff whether she received an email from the EEOC at the stated email address on August 8, 2023. (*Id.*) Plaintiff again refused to answer and invoked her "Fifth

---

[3] The Court has lightened the image to enhance readability of the redacted text.

6

Amendment right," as to "the entire redacted document except for what [she] already provided." (*Id.*)

Defendant filed its supplemental brief in support of its Motion on September 5, 2024, and then a corrected version of the brief on September 6, 2024. (*See* ECF Nos. 39 & 40.) In its supplemental brief, Defendant again argues that the Complaint should be dismissed for Plaintiff's failure to file within 90 days of receiving the RTS Letter. Alternatively, Defendant argues that Plaintiff's Complaint should be dismissed as a sanction for Plaintiff's refusal to answer questions during her deposition and for her concealment of facts, specifically those redacted in the document filed in support of her June 12 affidavit.

In response, Plaintiff argued that Defendant's supplemental brief should not be considered because it was filed late, and that the EEOC never told her there was a deadline to view the RTS Letter, so the 90-day time should run from October 3, 2023,[4] when she downloaded and first viewed the RTS Letter. Plaintiff also asserted that her delay in downloading the RTS Letter was due to (1) being on leave from her job "with a medical condition that adversely affected her everyday activities"; (2) the demands of litigating another lawsuit before this Court; and (3) "dealing with two immediate family members who had terminal illnesses." (ECF No. 43 at PageID 218–19.)

B.  **Proposed Conclusions of Law**

Plaintiff's objections to the Report mostly ask questions about the Report's recommended conclusions of law or otherwise relate to procedural issues. Before addressing Plaintiff's objections and questions, the Court summarizes the Report's proposed conclusions of law to provide context to Plaintiff's objections.

---

[4] *See* explanation about dates in footnote 2 *supra*.

The Report concludes that Plaintiff did not timely file her Complaint after receiving the RTS Letter.  The Report notes that there's no evidence the RTS Letter was mailed to Plaintiff, so the Report does not use the Sixth Circuit's presumption that plaintiffs receive their right to sue letters within five days after issuance.  (ECF No. 43 at PageID 223.)  Instead, the Report finds that Plaintiff failed to rebut presumptive receipt of the RTS Letter on its issuance date, July 12, 2023.  (*Id.* at PageID 226.)  But even without the presumption, the Report explains that Defendant presented evidence that a follow-up email was sent to Plaintiff on August 8, 2023, which told Plaintiff that a new document was available to download, and using this later date, Plaintiff's Complaint was still filed after the 90-day time had expired.  (*Id.* at PageID 226–27.)  The Report concludes that it's untenable to adopt Plaintiff's rule to start the 90-day period on October 3, 2023—the date she downloaded and viewed the RTS Letter—because doing so would allow charging parties to indefinitely extend the limitations period by refusing to download or view their right to sue letters.  Finally, the Report considers whether the 90-day deadline should be equitably tolled.  As part of that analysis, the Chief Magistrate Judge considers Plaintiff's argument that she relied on language in the RTS Letter stating that "Receipt generally occurs on the date that you (or your representative) view this document," and he also considers Plaintiff's alleged medical condition, her involvement in other litigation, and her family member's terminal illnesses.  The Chief Magistrate Judge finds, however, that Plaintiff's lack of diligence ultimately outweighs the other factors, so equitable tolling is therefore not appropriate.  (*Id.* at PageID 228–29.)

One note though.  In his Report, the Chief Magistrate Judge included the standard of review for a motion under Federal Rule of Civil Procedure 12(b)(6).  (*See* ECF No. 43 at PageID 219–20.)  Neither party objected to the application of this standard.  But because the Chief Magistrate Judge allowed limited discovery on the statute of limitations issue and considered that discovery

8

in the Report, it is appropriate to treat Defendant's Motion, as supplemented, as a motion for summary judgment. *See Keene v. Justice*, No. CV 07-250, 2008 WL 11343418, at *3 (E.D. Ky. Nov. 21, 2008) (Thapar, J.) (noting that after limited discovery on statute of limitations issue was taken, the defendant's subsequent motion should "be styled as a motion for summary judgment"); *Bell v. Zuercher*, No. CIV.A. 10-72-ART, 2011 WL 5191800, at *2 (E.D. Ky. Oct. 31, 2011) (Thapar, J.); *Saat v. United States*, No. 6:23-CV-185-CHB, 2024 WL 4015937, at *3 (E.D. Ky. June 20, 2024); *see also Mingo v. Fed Cmty.*, 484 F. Supp. 3d 506, 510–11 (E.D. Mich. 2020).

Federal Rule of Civil Procedure 56 permits a party to move for summary judgment — and the Court to grant summary judgment — "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting the presence or absence of genuine issues of material facts must support its position either by "citing to particular parts of materials in the record," including depositions, documents, affidavits or declarations, stipulations, or other materials, or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may

9

discharge this burden either by producing evidence that demonstrates the absence of a genuine issue of material fact or simply "by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Where the movant has satisfied this burden, the nonmoving party cannot "rest upon its . . . pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (citing *Matsushita*, 475 U.S. at 586; Fed. R. Civ. P. 56). The nonmoving party must present sufficient probative evidence supporting its claim that disputes over material facts remain and must be resolved by a judge or jury at trial. *Anderson*, 477 U.S. at 248–49 (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253 (1968)); *see also White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 475–76 (6th Cir. 2010). A mere scintilla of evidence is not enough; there must be evidence from which a jury could reasonably find in favor of the nonmoving party. *Anderson*, 477 U.S. at 252; *Moldowan*, 578 F.3d at 374.

The Court's role is limited to determining whether there is a genuine dispute about a material fact, that is, if the evidence in the case "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Such a determination requires that the Court "view the evidence presented through the prism of the substantive evidentiary burden" applicable to the case. *Id.* at 254. Thus, if the plaintiff must ultimately prove its case at trial by a preponderance of the evidence, on a motion for summary judgment the Court must determine whether a jury could reasonably find that the plaintiff's factual contentions are true by a preponderance of the evidence. *See id.* at 252–53.

Finally, if the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the movant is entitled to summary judgment. *Celotex*, 477 U.S. at 323. The Court must construe Rule 56 with due regard not only

10

for the rights of those "asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury," but also for the rights of those "opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis." *Id.* at 327.

**C.     Plaintiff's Objections**

Plaintiff filed her objections to the Report on December 23, 2024, and that filing also requested a hearing with the district judge or magistrate judge. (ECF No. 44.) The objections consist mostly of questions or statements about things Plaintiff does not understand. The Court has grouped them and addresses each below.

    1.     Timeliness of Defendant's Supplemental Brief

Plaintiff argues that Defendant's supplemental brief was untimely because it was filed more than 30 days after her deposition was taken. (ECF No. 44 at PageID 233.) As explained in the Report, the deadline for Defendant to file its supplemental brief was 30 days after the deadline to conduct discovery and depositions, not 30 days after Plaintiff's deposition was in fact completed. This deadline is set forth in both the Order *Sua Sponte* Extending Discovery Deadlines (ECF No. 33) and the earlier Order Allowing Limited Discovery on Motion to Dismiss (ECF No. 24). It was also summarized in the minutes from the scheduling conference, which provided that the "Court orders limited discovery as to issue that complaint was timely filed; parties will have 30 days to conduct discovery/depositions; Defendant will have 30 days after that to supplement motion; Plaintiff will have 14 days after that to respond." (*See* Minutes at ECF No. 25.) Plaintiff's argument is based on a misunderstanding of the Chief Magistrate Judge's orders.

However, even if Defendant's deadline ran from July 31, 2024, the date of Plaintiff's deposition, then Defendant's brief and corrected brief would have been 6 and 7 days late,

11

respectively. Because the Chief Magistrate Judge set the deadline for Defendant's supplemental brief, it was within his discretion to consider any untimely filings. *See, e.g.*, *Shough v. Mgmt. &Training Corp.*, No. 3:16 CV 53, 2018 WL 295576, at *3 (N.D. Ohio Jan. 3, 2018) ("district courts have wide discretion in deciding whether to allow late filings under Civil Rule 6"); *Lawson v. Louisville Metro Dep't of Corr.*, No. 316CV00728GNSRSE, 2020 WL 1166082, at *6 n.5 (W.D. Ky. Mar. 11, 2020)  Doing so here would not have been an abuse of that discretion. This Court would similarly exercise its discretion to consider the briefs. Plaintiff's objection is **OVERRULED**.

  2. <u>Consideration of Plaintiff's Affidavit</u>

Plaintiff says that she "does not understand why Plaintiff's Sworn Affidavit is not highly considered," and that she told the Court, "that the EEOC investigator did not explain . . . there was a deadline or timeframe to access Right to Sue Letter." (ECF No. 44 at PageID 233.) She also objects that she, "explained in detail that she was told by the EEOC Director the ninety-day statute of limitations would begin at the time the Right to Sue Letter was accessed and viewed," and she then asks, "what rule was used to not consider [this] directive." (*Id.*)

First, although not clear from Plaintiff's objections, the statement she says the EEOC Director made regarding the 90-days is in Plaintiff's RTS Letter. The statement is not included in her affidavit, nor does she allege elsewhere that this statement was made to her in other communications from, or conversations with, the EEOC or its representatives, such as a phone conversation.

Second, Plaintiff is mistaken that the statement in the RTS Letter was not considered. As the Report explains, this language, and Plaintiff's asserted reliance on it, were contemplated as part of the Chief Magistrate Judge's consideration of equitable tolling. (*See* ECF No. 43 at PageID

12

222 n.11 & 229–30.) The Chief Magistrate Judge acknowledged that other courts have found equitable tolling appropriate based in part on a plaintiff's reliance on similar language. The Report explains, however, that the circumstances here are distinguishable, particularly as to the length of time that Plaintiff waited before downloading the RTS Letter. (*Id.* at PageID 229.) After weighing the relevant factors that the Sixth Circuit has directed courts to consider when deciding whether equitable tolling is warranted, the Chief Magistrate Judge concluded that it was not appropriate in this case.

After a *de novo* review of the record, this Court agrees with the Chief Magistrate Judge's conclusion that equitable tolling is not appropriate here. "A court may apply equitable tolling, which permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 469 (6th Cir. 2003) (cleaned up). Courts generally consider the following factors to determine whether to apply equitable tolling: "1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness [in] remaining ignorant of the particular legal requirement." *Id.* This list of factors is not exhaustive, and the decision of whether to apply equitable tolling must be "made on a case-by-case basis." *Id.* (citation omitted); *see Wershe v. City of Detroit, Michigan*, 112 F.4th 357, 366 (6th Cir. 2024). Equitable tolling "is most appropriate where misconduct by an opponent causes an employee to miss a filing deadline." *Clark v. Nissan Motor Mfg. Corp. U.S.A.*, No. 97-5956, 1998 WL 786892, at *4 (6th Cir. Oct. 26, 1998). The Sixth Circuit has repeatedly emphasized that equitable tolling is not the norm and is "sparingly bestowed." *Jones v. Nat. Essentials, Inc.*, 740 F. App'x 489, 493 (6th Cir. 2018) (citations omitted); *Martin v. Ford Motor Co.*, No. 21-6089, 2022 WL 17076782, at *1 (6th

13

Cir. Aug. 23, 2022); *Amini v. Oberlin Coll.,* 259 F.3d 493, 500 (6th Cir. 2001) ("This circuit has repeatedly cautioned that equitable tolling relief should be granted only sparingly."). It has also said that litigants "must come with clean hands," *Jones*, 740 F. App'x at 493, and need to show diligence in pursuing their claims. *Seay*, 339 F.3d at 469. "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000).[5]

　　　First, did Plaintiff lack actual notice? At the latest, the undisputed evidence shows that Plaintiff had actual and constructive notice by August 8, 2023. At that point, she had approximately 63 days remaining to timely file her complaint. Even looking at October 3, 2023, the date Plaintiff finally downloaded and viewed her RTS Letter, she still had approximately seven days to timely file her complaint. The Court acknowledges that, during this time period, Plaintiff likely did not understand "that she was required to commence her judicial complaint within a finite period." *Graham-Humphreys*, 209 F.3d at 561. But "[i]t is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling." *Id.* (citations omitted). In other contexts, plaintiffs are deemed to have constructive notice when the filing deadline is set forth in a publicly available statute, *see Wershe v. City of Detroit, Michigan*, 112 F.4th 357, 366–67 (6th Cir. 2024), and the filing deadline here is set forth in a publicly available statute—42 U.S.C. § 2000e-5(f)(1). Also, Plaintiff had previously filed a charge of discrimination with the EEOC and then filed a complaint in this district based on a right to sue letter for that charge. (*See* Case No. 2:23-cv-2100-

---

[5] In her response to Defendant's supplemental brief, Plaintiff argued that the Court should not consider this case because it "happened almost thirty years ago." (ECF No. 41 at PageID 188.) But "precedent has no expiration date." *Money v. City of San Marcos*, No. 24-50187, 2025 U.S. App. LEXIS 2897, at *16 (5th Cir. Feb. 7, 2025).

14

tmp, ECF No. 1 at PageID 5, 7–8.[6]) So it seems likely that Plaintiff had some awareness of the significance of the RTS Letter. But even ignoring Plaintiff's prior experience with the EEOC and right to sue letters, these two factors are neutral, at best.

One factor clearly in Plaintiff's favor, though, is the lack of prejudice to Defendant. Yet, as the Chief Magistrate Judge recognized, "the absence of prejudice, on its own, is an insufficient basis for equitable tolling." *Martin*, 2022 WL 17076782, at *2.

That brings us to Plaintiff's diligence and reasonableness. Generally, the "plaintiff must have diligently pursued the instant claims during the entire period over which [she] seeks equitable tolling." *Wershe*, 112 F.4th at 367–68. "That means the plaintiff must have pursued [her] claims with 'some regularity' during that period, 'as permitted by [her] circumstances.'" *Id.* (citations omitted). Plaintiff has not pointed to any actions she took during July, August, or September 2023, to show that she was diligent in pursuing her claims. Although Plaintiff says she was dealing with a variety of other things in her life during that time, she provides no details to explain why or how those things prevented her from checking her e-mail, checking her post office box, or accessing her EEOC portal. Whatever those issues were, they did not prevent her from actively participating in other federal litigation she was pursuing at that time, including attending an in-person scheduling conference on July 6, 2023, and filing six briefs, motions, and other documents in September 2023. (*See* Case No. 2:23-cv-2100-tmp, ECF Nos. 28–30, 33–36, 38 & 39.) Another thing that makes Plaintiff's delay unreasonable is that she admits the EEOC called her prior to the issuance of the RTS Letter, alerting her that the RTS Letter would be uploaded to her portal soon. And even though no one at the EEOC advised Plaintiff about the consequences of not downloading

---

[6] Although Plaintiff did not attach a copy of her right to sue letter to her complaint, she alleged that she received in on December 2, 2022. (See Case No. 2:23-cv-2100-tmp, ECF No. 1 at PageID 5.)

15

or viewing her RTS Letter, Plaintiff had "a manifest common sense obligation to exercise ordinary diligence in prosecuting . . . her claim, even in the absence of an explicit official directive." *Graham Humphreys*, 209 F.3d 558 n.11; *see Winsor v. Home Depot U.S.A., Inc.*, 743 F. App'x 335, 336–37 (11th Cir. 2018) ("A plaintiff must assume some minimum responsibility for an orderly and expeditious resolution of his claims." (cleaned up)); *see also Moses v. Home Depot Inc.*, No. CV162400MASDEA, 2017 WL 2784710, at *6 (D.N.J. June 27, 2017) ("An EEOC counselor providing false or misleading information to a plaintiff does not necessarily warrant equitable tolling.").

Ultimately, Plaintiff's lack of diligence and unreasonable delay tip the scales against equitable tolling in this case. Plaintiffs Complaint was therefore filed 79 days too late and must be dismissed.[7] Plaintiff's objection otherwise is **OVERRULED**.

    3.    <u>Plaintiff's Request for a Hearing; Plaintiff's Medical Documentation (ECF No. 46); and Plaintiff's Renewed Motion for a Hearing (ECF No. 49)</u>

In her objections, Plaintiff requests a hearing, "so the Court can explain, in layman terms," the Report's reasoning to dismiss this case, including the "rules and guidelines [that] were used to come to this conclusion." (ECF No. 44 at PageID 233.) She also requests a hearing so that she can provide documentation to the Court about her medical condition. (ECF No. 44 at PageID 234.) She says that she did not know she needed to provide medical documentation with her response to Defendant's supplemental brief, (ECF No. 44 at PageID 234), which appears to be in reference to

---

[7] At least one other court has found equitable tolling was not warranted in similar circumstances despite a much shorter delay because the delay was "an unfortunate, albeit self-inflicted, wound that [could not] justify equitable tolling." *See Marable v. Oaks Integrated Care, Inc.*, No. 22-CV-6168 (RMB-EAP), 2024 WL 1406648, at *6 (D.N.J. Apr. 2, 2024) (finding equitable tolling not merited where pro se plaintiff's claims were filed one and two days late, and plaintiff asserted late filing was caused in part by his reliance on language in EEOC right to sue letter that "receipt generally occurs on the date that you . . .view this document.").

16

the Report's footnote that she had not provided evidence of her asserted medical condition, though she had offered to provide documents to the Court on request (*see* ECF No. 43 at PageID 219 n.8). She says she was ready to provide medical documentation to the Court upon request, and she asks that the Court set a hearing so that she can provide that documentation. Plaintiff has since filed a letter dated June 8, 2023, from a medical provider (ECF No. 46 (sealed)), and has renewed her request for a hearing before the undersigned. (*See* ECF No. 49.)

First, the Report is written in straightforward language. The Report includes the law and rules of procedure used in reaching its conclusions in the proposed conclusions of law section. The Court understands Plaintiff is proceeding *pro se*, but the Report is not written in legalese. To the extent Plaintiff requests a hearing so that the undersigned can further explain the Report to her, that request is **DENIED**.

Second, the Court will not hold a hearing to allow Plaintiff to present medical documentation. The problem is not that Plaintiff didn't submit documentation with her response to Defendant's supplemental brief. The problem is that she told Defendant that she did not have such documentation and that she would not be submitting any documentation to the Court.

Defendant thrice noticed Plaintiff's deposition, and each time directed Plaintiff, in accordance with Federal Rule of Civil Procedure 34, to provide, among other things, "documentation from a medical provider regarding any health issues that Plaintiff believes affected her actions during July 12 – October 2, 2023." (ECF Nos. 26, 30, & 38.) Plaintiff provided no documentation to Defendant, telling it that she had no documentation other than what she had already filed with the Court. When questioned at her deposition about the topic, Plaintiff again stated she would not be supplying any medical documentation to the Court. (ECF No. 39-1 at PageID 146.)

17

The Chief Magistrate Judge ordered limited discovery on whether Plaintiff's Complaint was timely filed. (ECF No. 24.) Because Plaintiff failed to provide her medical documentation to Defendant in accordance with that Order and Defendant's properly served notices to take Plaintiff's deposition, the Court will not allow her to now submit that documentation in support of her responses to Defendant's Motion and supplemental brief. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii). Plaintiff's requests or objections for a hearing before the undersigned are **DENIED** and **OVERRULED**.

## CONCLUSION

For the reasons set forth above, Plaintiff's objections (ECF No. 44) are **OVERRULED**. Plaintiff's renewed motion for a hearing (ECF No. 49) is **DENIED**. Save the Rule 12(b)(6) standard of review, the Court otherwise **ADOPTS** the Report in its entirety, and the Motion to Dismiss Submitted by Shelby County Board of Education (ECF No. 15), as supplemented, is **GRANTED** as a motion for summary judgment.

**IT IS SO ORDERED**, this 10th day of March, 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE